AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
**FILED**

***March 12, 2025***

Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Edilberto Espinoza Posadas aka Ediberto Espinoza, aka Roberto Espinoza, aka Rigoberto Espinoza and aka Edilberto Espinoza. | ) ) ) ) ) | Case No. **4:25-mj-0136** |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  March 10, 2025  in the county of  Harris  in the  Southern  District of  Texas , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) and (b) | Illegal re-entry into the United States after having previously been deported to Mexico, subsequent to having been convicted of a crime defined as a felony, without first applying for and obtaining permission from the Attorney General of the United States, or the Secretary for the Department of Homeland Security, for admission to the United States following deportation from the United States, in violation of Title 8, United States Code, Section(s) 1326(a) and (b). |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☐ Continued on the attached sheet.

*Complainant's signature*

Terry Matthias, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: March 12, 2025

*Judge's signature*

City and state: Houston, Texas

Richard W. Bennett, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Terry Matthias, being duly sworn by telephone, hereby depose and say:

(1)   I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since June 24, 2007. Prior to this assignment, I have held the following positions: Customs and Border Protection Officer and Immigration Enforcement Agent. My law enforcement career began July 2006, as a Customs and Border Protection Officer. I have over 18 years of immigration law enforcement experience.

(2)   On March 11, 2025, at approximately 0205 hrs., Edilberto Espinoza Posadas, was detained by ICE. The defendant also goes by the alias of Ediberto Espinoza, Roberto Espinoza, Rigoberto Espinoza and Edilberto Espinoza.

(3)   The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously convicted and deported.

(4)   Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(5)   <u>Element One</u>:  The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(6)   <u>Element Two</u>:  The Defendant has previously been deported or removed from the United States on the following occasion(s):

  a. January 06, 2022.
  b. August 21, 2019.
  c. May 19, 2017.
  d. September 10, 2015.
  e. May 06, 2015.
  f. October 18, 2014.
  g. September 04, 2014.
  h. November 24, 2012.
  i. September 19, 2012.
  j. June 29, 2011.

(7) <u>Element Three</u>:  After deportation, the Defendant was subsequently found in the United States on March 10, 2025, in Harris County, Texas, which is within the Houston Division Southern District of Texas.  Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this paragraph.  On March 11, 2025, LESC advised me that they have not received an IAQ after the 2022 removal.

(8) <u>Element Four</u>:  The Defendant did not have permission to reenter the United States.  On March 11, 2025, I reviewed the contents of the Alien File associated with this Defendant and/or available database information.  I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States.  I have requested certification of this fact from the Records Branch of the Immigration Service.

(9) <u>Prior Criminal History / Gang Affiliation</u>.  The Defendant has the following prior criminal history and/or gang affiliation:

  a. On October 13, 2020, the Defendant, using the name of Edilberto Espinoza−Posadas was convicted in the United States District Court for the Southern District of Texas, Holding Session in Laredo for the offense of RE-ENTRY OF A DEPORTED ALIEN and was sentenced to 27 months confinement. Case No. 5:20CR00753-001.

  b. On March 12, 2018, the Defendant, using the name of Edilberto Espinoza−Posadas was convicted in the United States District Court for the Southern District of Texas, Holding Session in McAllen for the offense of BEING FOUND IN THE U.S. AFTER PREVIOUS DEPORTATION and was sentenced to 24 months confinement. Case No. 7:17CR01799-001.

  c. On May 04, 2016, the Defendant, using the name of Edilberto Espinoza−Posadas was convicted in the United States District Court for the Southern District of Texas, Holding Session in Corpus Christ for the offense of ILLEGAL RE-ENTRY and was sentenced to 21 months confinement. Case No. 2:15CR01062-001.

d. On July 13, 2015, the Defendant, using the name of Edilberto Espinoza−Posadas was convicted in the United States District Court for the Southern District of Texas, McAllen Division for the offense of KNOWINGLY AND UNLAWFULLY ENTERING THE UNITED STATES AT A PLACE OTHER THAN AS DESIGNATED BY IMMIGRATION OFFICERS and was sentenced to 60 days confinement. Case No. 7:15-po-03625.

e. On April 01, 2015, the Defendant, using the name of Ediberto Espinoza was convicted in the 178th District Court, Houston, TX for the offense of TAMPERING WITH GOVT RECORD and was sentenced to 90 days confinement. Case No. 146278001010.

f. On July 07, 2014, the Defendant, using the name of Roberto Espinoza was convicted in the 183rd District Court, Houston, TX for the offense of POSS CS PG 1<1G and was sentenced to 60 days confinement. Case No. 143395201010.

g. On April 29, 2011, the Defendant, using the name of Rigoberto Espinoza was convicted in the Collin County Court at Law #3, McKinney, TX for the offense of UNLAWFUL CARRYING WEAPON and was sentenced to 15 days confinement. Case No. 003-81824-2011.

h. On April 29, 2011, the Defendant, using the name of Edilberto Espinoza was convicted in the Collin County Court at Law #3, McKinney, TX for the offense of DRIVING WHILE INTOXICATED and was sentenced to 70 days confinement. Case No. 0038211108.

_____
Terry Matthias, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Signed and sworn telephonically before me this 12th day of March 2025, and I find probable cause.

_____
Hon. Richard W. Bennett
United States Magistrate Judge
Southern District of Texas